CLOSED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RAJA KUMAR, | Civil No. 03-3799 (WGB) |
| Petitioner, | |
| v. | **ORDER** |
| U.S. DEP'T OF HOMELAND SECURITY, et al., | |
| Respondents. | |

Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and it appearing that:

1. In his Petition, Petitioner seeks release from detention on the ground that he has been detained by the United States Department of Homeland Security and its predecessor, the Immigration and Naturalization Service, for more than six months after entry of a final order of removal and his removal to India is not reasonably forseeable.  See Zadvydas v. Davis, 533 U.S. 678 (2001).

2. On August 12, 2005, Respondents filed a Letter advising the Court that Petitioner was removed from the United States to India on September 7, 2004, and a copy of the Warrant of Removal.

3. This Court has subject matter jurisdiction over the instant Petition because Petitioner was detained at a jail in New Jersey at the time he filed his Petition and he challenges his detention as illegal under federal law.  See Spencer v. Kemna, 523 U.S. 1, 7 (1998); Chong v. Dist. Dir., INS, 264 F.3d 378,

382-83 (3d Cir. 2001).  The question here is whether Petitioner's removal caused his Petition to become moot because it no longer presented a "case or controversy" under Article III, § 2, of the United States Constitution.  See DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Chong, 264 F.3d at 383.

4. Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties.  U.S. CONST. art. III, § 2.  "The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy," and "a federal court [lacks] the power to render advisory opinions."  U.S. Nat'l Bank of Oregon v. Independent Ins. Agents of America, Inc., 508 U.S. 439, 445 (1993 ) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975).

5. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Spencer, 523 U.S. at 7.

6. In this case, Petitioner challenges his post-removal-period detention as not authorized by 8 U.S.C. § 1231(a)(6), as construed by Zadvydas, and in violation of due process because his removal is not reasonably forseeable.  When the government

removed him to India on September 7, 2004, the Petition became moot because Petitioner was no longer threatened with "an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Spencer, 523 U.S. at 7; Lane v. Williams, 455 U.S. 624 (1982).

    Based on the foregoing,

    IT IS on this 22nd  day of March, 2006,

    ORDERED that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DISMISSED as moot; and it is further

    ORDERED that the Clerk shall serve copies of this Order upon the parties, and shall close the file.

                                         /S/ WILLIAM G. BASSLER
                                        WILLIAM G. BASSLER, U.S.S.D.J.